1  Jerry L. Steering [State Bar No. 122509]
   LAW OFFICE OF JERRY L. STEERING
2  4063 Birch Street
3  Suite 100
   Newport Beach, CA 92660
4  Telephone: (949) 474-1849
5  Facsimile: (949) 474-1883
6  jerrysteering@yahoo.com

7  Attorney for plaintiff Tiffany Nunley on behalf of her minor daughter, H.H.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 TIFFANY NUNLEY, as guardian        ) Case No.
12 ad litem for her minor daughter,   )  SACV 14-00766 CAS(FFMx)
   H.H.,                              )
13                                    )
14        Plaintiffs,                 )
                                      ) FIRST AMENDED COMPLAINT
15     vs.                            ) DAMAGES FOR VIOLATION OF
16                                    ) FEDERAL CONSTITUTIONAL
17 CITY OF SANTA ANA, PETER           ) RIGHTS UNDER COLOR OF STATE
   PICONE, JOHN RODRIGUEZ             ) LAW (42 U.S.C. § 1983) CLAIM FOR
18 and DOES 1 through 10,             ) USE OF UNREASONABLE FORCE
19 inclusive,                         ) UPON PERSON (U.S. CONST.
                                      ) AMEND 4)[1], CLAIM FOR
20                                    ) UNREASONABLE SEIZURE OF
        Defendants.                   ) PERSON (U.S. CONST. AMEND 4)[2];
21                                    ) CLAIM FOR DEPRIVATION OF LIFE
22                                    ) (U.S. CONST. AMEND 14);  CLAIM
23                                    ) FOR INTERFERENCE /
24                                    ) DEPRIVATION OF CHILD PARENT
25                                    ) RELATIONSHIP (U.S. CONST.
                                      ) AMEND  14);  AND CALIFORNIA
26

27 _____
28 [1] Via  Cal. Civ. Proc.  Code  § 377.30.
   [2] Via  Cal. Civ. Proc.  Code  § 377.30.

              FIRST AMENDED COMPLAINT FOR DAMAGES
                            1

1    ) STATE LAW CLAIM FOR
2    ) WRONGFUL DEATH  (CAL. CIV.
     ) PROC. CODE § 377.60, VIA § 377.30)
3    )
4    ) JURY TRIAL DEMANDED

**COME NOW** plaintiff Tiffany Nunley, on behalf of her minor daughter,

H.H., and shows this honorable court the following:

### <u>JURISDICTIONAL ALLEGATIONS</u>

1.     As this action is brought under 42 U.S.C. § 1983 this court has

jurisdiction over this case under its federal question jurisdiction pursuant to 28

U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of

Orange, State of California, within the territorial jurisdiction of this court, venue

properly lies in this court pursuant to 28 U.S.C. §1391(b)(2.)

3.     As plaintiff's claims brought under California state law arise out of the

same transactions and occurrences, and out of a common nucleus of operative facts

as the plaintiffs' federal questions claims, this court has jurisdiction over the

plaintiff's California State law claims under its supplemental jurisdiction under 28

U.S.C. § 1367, and otherwise pursuant to *United Mine Workers v. Gibbs*, 383 U.S.

715 (1966.)   Moreover, this action is commenced less than six months after the

denial of plaintiff's California Tort Claim for damages, that was timely filed with defendant City of Santa Ana.

<u>GENERAL ALLEGATIONS</u>

4.      Plaintiff (guardian ad litem) Tiffany Nunley ("NUNLEY"), is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. NUNLEY is also the natural and legal mother of her minor daughter, plaintiff H.H.

5.      Plaintiff NUNLEY appears in this action as the guardian ad litem of her minor daughter; plaintiff  H.H.

6.      Plaintiff  H.H. is a natural person who is a minor and was born on April  22, 2002, who, at all times complained of in this action, resided in the State of California.  H.H., was a legal and natural child of decedent Jason Hallstrom (hereinafter "HALLSTROM"), who was not married when he died on March 23, 2013.  H.H. is an heir of HALLSTROM under California law, and, therefore, is a "Successor In Interest" to HALLSTROM  under Cal. Civil Code §§ 377.10 and 377.11.

7.       HALLSTROM died intestate on March 23, 2013, as a direct and proximate result of conduct of the defendants complained of in this action, that took place on or about March 15, 2013.

FIRST AMENDED COMPLAINT FOR DAMAGES

3

8.     Defendant City of Santa Ana (CITY) is a municipal entity located in the County of Orange, State of California; within the territorial jurisdiction of this court.

9.     Defendant Peter Picone ("PICONE") is, and at all times complained of herein, was, a Santa Ana Police Department police officer, acting as an individual person under the color of state law, in his individual capacity, and not in his official capacity, and was acting in the course of and within the scope of his employment with defendant CITY.

10.     Defendant John Rodriguez ("RODRIGUEZ") is, and at all times complained of herein, was, a Santa Ana Police Department police officer, acting as an individual person under the color of state law, in his individual capacity, and not in his official capacity, and was acting in the course of and within the scope of his employment with defendant CITY.

11.     Defendants DOES 1 through 7, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or a nurses and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Santa Ana Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the

FIRST AMENDED COMPLAINT FOR DAMAGES

4

plaintiffs in this instant action. DOES 1 through 7, inclusive, are natural persons whose identities are presently unknown to plaintiffs, who, therefore, sue these persons by the fictitious name DOE.

12.     At all times complained of herein, DOES 1 through 7, inclusive, were acting pursuant to their authority as sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or a nurses and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Santa Ana Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant CITY, and as individual persons, acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 1 through 7, inclusive, when they become aware of said identities.

13.     Defendants DOES 8 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Santa Ana Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise

caused the actions complained of by plaintiffs in this action, such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving unlawful actions of subordinate deputies, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train Santa Ana Police Department personnel in the use of force.

14.   At all times complained of herein, DOES 8 through 10, inclusive, were acting pursuant to their authority as the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Santa Ana Police Department and/or otherwise with CITY, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY, and were acting as individual persons acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 8 through 10, inclusive, when they become aware of said identities.

15.   At all times complained of herein, defendants PICONE, RODRIGUEZ and DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described above) and/or policy making officers /

officials and/or final policy making peace officers / officials, with the Santa Ana Police Department and/or otherwise with defendant CITY.

16.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Santa Ana Police Department / CITY, for, *inter alia*, unlawfully and unreasonably using excessive force and/or deadly force on persons, for unlawfully seizing persons, for failing to promptly provide medical care for persons in police custody,  and for otherwise violating the fourth amendment search and seizure rights of persons in the community, in general.

17.     In addition to the above and foregoing, defendants PICONE, RODRIGUEZ and all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive HALLSTROM and the plaintiffs of his/their federal constitutional and statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive HALLSTROM and the plaintiffs of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

FIRST AMENDED COMPLAINT FOR DAMAGES

7

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiffs' federal and state constitutional and statutory rights, as set forth below.

///

///

///

### FIRST CAUSE OF ACTION
### UNREASONABLE FORCE - UNDER FOURTH AMENDMENT
### [42 U.S.C. § 1983]
### (FEDERAL SURVIVALSHIP  CLAIM
### VIA CAL. CIV. PROC. CODE § 377.30)
### (Against all defendants)

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through  18, inclusive, above, as though set forth in full herein.

20.     On March 15, 2013 plaintiff's deceased, HALLSTROM, was in a passenger in a vehicle being driven by his friend, Travis Mock, in Santa Ana, California.

21.     Law enforcement vehicles, including Santa Ana Police Department vehicles, attempted to stop HALLSTROM and Mock's vehicle.

22.     HALLSTROM and Mock's vehicle crashed at the north east corner of the intersection at Grand Avenue and East 15th Street in Santa Ana, California.

23.   Following the crash, HALLSTROM and Mock immediately exited the vehicle and ran away from the officers.

24.   While running from the officers, Santa Ana Police Department Officers PICONE, RODRIGUEZ and DOES 1 and 2 shot their pistols at HALLSTROM and struck him with their bullets in his back; causing him to fall to the ground and seriously (and ultimately, fatally) injuring him. At the time that they shot HALLSTROM, neither PICONE nor RODRIGUEZ nor DOES 1 and 2 had any reasonable good-faith belief that HALLSTROM presented a danger of serious bodily injury to said officers or to others.

25.   HALLSTROM was then arrested and was treated by paramedics at the shooting scene.

26.   HALLSTROM was then, while in police custody, taken to Western Medical Center where he ultimately died from said gunshot wounds on March 23, 2013.

27.   Said deadly shooting of HALLSTROM by PICONE, RODRIGUEZ and DOES 1 and 2, above-referenced, also caused HALLSTROM to suffer severe physical injury, and severe mental, emotional and physical pre-death, distress, pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

27.   Said shooting of HALLSTROM by PICONE and RODRIGUEZ and/or said DOE defendants, above-referenced, was done by said defendant officers,

without reasonable cause to believe that HALLSTROM was either armed or dangerous, and without probable cause to believe that he committed a crime.

28.     Accordingly, said shooting of HALLSTROM was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

29.     Said shooting of HALLSTROM by said defendants was done pursuant to the policies, customs, usages and practices of defendant CITY for unreasonably using deadly force on civilians.

30.     Said shooting of  HALLSTROM by PICONE, RODRIGUEZ and DOES 1 and 2, above-referenced, also caused HALLSTROM and H.H. to suffer substantial general and special damages, including but not limited to, great physical injury, pain and suffering, severe mental and emotional distress, pain and suffering, hospital and medical bills and expenses, lost wages / profits and other income that HALLSTROM would have earned / made / acquired during his lifetime, the loss of HALLSTROM's  home and the of other property of  HALLSTROM, funeral and burial expenses, and other special damages; all in an amount to be shown at trial, in excessive of $15,000,000.00.

31.     Said deadly shooting on HALLSTROM by PICONE, RODRIGUEZ and DOES 1 and 2, above-referenced, was done maliciously and in reckless disregard of HALLSTROM's constitutional rights; sufficient for an award of

FIRST AMENDED COMPLAINT FOR DAMAGES

punitive damages against PICONE, RODRIGUEZ and said DOE defendants; in an

amount to be shown at trial, in excessive of $10,000,000.00.

### SECOND CAUSE OF ACTION
**UNREASONABLE SEIZURE OF PERSON – UNLAWFUL ARREST
WITHOUT WARRANT OR PROBABLE CAUSE
UNDER FOURTH AMENDMENT
[42 U.S.C. § 1983]
(FEDERAL SURVIVALSHIP CLAIM
VIA CAL. CIV. PROC. CODE § 377.30)
(Against all defendants)**

32.    Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 31, inclusive, above, as though set forth in full

herein.

33.    As shown above, H.H. was the daughter, issue and heir of

HALLSTROM.

34.    As shown above, defendants PICONES, RODRIGUEZ  and DOES 1

through 6, arrested HALLSTROM on March 15, 2013.

35.    Also as shown above, said defendants attempted to detain

HALLSTROM in the absence of reasonable suspicion of criminal conduct by him,

and arrested him without probable cause or a warrant. Moreover, even if said

defendants had reasonable suspicion of criminality afoot by HALLSTROM, as they

seized him in an unreasonable manner, by shooting him and then handcuffing him

after doing so, said conduct by said defendants also constituted an arrest of

HALLSTROM in the absence of a warrant or probable cause to believe that he committed a crime[3].

35.     Said defendants also kept HALLSTOM in police custody, from the time that they arrested him on March 15, 2013, until he died on March 23, 2013, and deprived him of any visitors during that time.

36.     Accordingly, the defendants' seizure of HALLSTROM was an unreasonable seizure under the Fourth Amendment to the United States Constitution.

37.     Said unlawful / unreasonable seizure of HALLSTROM by said defendants was done pursuant to the policies, customs, usages and practices of defendant CITY for unreasonably and unlawfully seizing civilians.

38.     Said unreasonable seizure of  HALLSTROM by PICONE, RODRIGUEZ and DOES 1 and 2, above-referenced, also caused HALLSTROM and H.H. to suffer substantial general and special damages, including but not limited to, great physical injury, pain and suffering, severe mental and emotional distress, pain and suffering[4], hospital and medical bills and expenses, lost wages / profits and other income that HALLSTROM would have earned / made / acquired during his

---

[3] By converting an otherwise lawful detention into an arrest that had to have been supported by probable cause, via the use of unreasonable force to effect the detention.

[4] And the physical manifestation of the same.

lifetime, the loss of HALLSTROM's  home and the of other property of

HALLSTROM, funeral and burial expenses, and other special damages; all in an

amount to be shown at trial, in excessive of $15,000,000.00.

39.    Said deadly unreasonable seizure on HALLSTROM by PICONE,

RODRIGUEZ and DOES 1 and 2, above-referenced, was done maliciously and in

reckless disregard of HALLSTROM's constitutional rights; sufficient for an award

of punitive damages against said defendants (save CITY); in an amount to be shown

at trial, in excessive of $10,000,000.00.

## THIRD CAUSE OF ACTION
**LOSS OF PARENT- CHILD / CHILD – PARENT RELATIONSHIP
WITHOUT DUE PROCESS OF THE LAW
UNDER FOURTEENTH AMENDMENT
[42 U.S.C. § 1983]
(Against all defendants)**

40.    Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 39, inclusive, above, as though set forth in full

herein.

41.    The unlawful killing of plaintiffs' deceased, HALLSTROM, by

PICONE, RODRIGUEZ and/or DOES 1 through 7, inclusive, and said defendants

denial of H.H.'s right to visit with HALLSTROME between the time of his shooting

and his ultimate death deprived H.H. of her Child – Parent Relationship with

HALLSROM, guaranteed to her under the Fourteenth Amendment to the United

States Constitution.

FIRST AMENDED COMPLAINT FOR DAMAGES

13

42.     The use of unreasonable force upon HALLSTROM that resulted in the unlawful killing of HALLSTROM, by PICONE, RODRIGUEZ and/or DOES 1 through 7, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of said Child – Parent Relationship,  and constituted outrageous behavior that is shocking to the conscience.

42.     Said use of unreasonable deadly force upon HALLSTROM by said defendants was done pursuant to the policies, customs, usages and practices of defendant CITY for unreasonably and unlawfully using deadly force on civilians.

44.     The unlawful killing of plaintiffs' deceased, HALLSTROM, by PICONE, RODRIGUEZ and/or DOES 1 through 7, inclusive, above-referenced, also caused plaintiff H.H. to suffer the loss of HALLSTROM'S society, solace and comfort, companionship, as well as caused her to suffer great mental, emotional and distress, pain and suffering[5], as well as a substantial loss of support from her father; HALLSTROM, that he would have earned and would have provided to and for the benefit of H.H., in an amount to be shown at trial, in  excess of $10,000,000.00.

45.     The unlawful killing of HALLSTROM by PICONE, RODRIGUEZ and/or DOES 1 through 7, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of

---

[5] And the physical manifestation of the same.

FIRST AMENDED COMPLAINT FOR DAMAGES

14

punitive damages against said defendants (save CITY); all in an amounts to be shown at trial, in excess of $10,000,000.00.

///

///

## FOURTH CAUSE OF ACTION
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF THE LAWS UNDER FOURTEENTH AMENDMENT[6]**
**[42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(Against all defendants)**

46.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.   As shown above, HALLSTROM was unlawfully and unjustifiably shot to death, with malice, by PICONE, RODRIGUEZ and/or said DOE defendants on March 15, 2013.

48.   HALLSTROM's unlawful killing was essentially an execution by said defendant done without the due process of the laws of the United States of America and of the State of California.

49.   Said use of unreasonable deadly force upon HALLSTROM by said defendants was done pursuant to the policies, customs, usages and practices of

---

[6] And as otherwise provided for under the United States Constitution as one of those rights "retained by the people", as mentioned in the Ninth Amendment.

FIRST AMENDED COMPLAINT FOR DAMAGES

15

defendant CITY for unreasonably and unlawfully using deadly force on civilians.

50.     Said denial of HALLSTROM's right to due process of the laws caused HALLSTROM to suffer the loss of his life, severe physical and mental and emotional pain, suffering and injury[7], as well as lost wages / profits, the loss of HALLSTROM's home, the loss of his enjoyment of life, medical bills and expenses, funeral bills and expenses, and other special and general damages; all in an amount to be proven and trial, in excess of $10,000,000.00.

51.     Moreover, as actions and omissions of said defendants were done with deliberate indifference to his physical safety and to his very life, and were done intentionally, maliciously recklessly, sadistically, oppressively, outrageously, and with deliberate indifference and a reckless disregard of HALLSTROM's constitutional rights, H.H. is entitled to an award of punitive damages against said defendants (save CITY), in an amount to be shown at trial in an amount in excess of $10,000,000.00.

## FIFTH CAUSE OF ACTION
### Wrongful Death (Cal. Civ. Proc. Code § 377.60)
### Under California State Law
### (Against All Defendants)

52.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein.

---

[7] And the physical manifestation of the same.

53.     As shown above, plaintiff H.H.is the natural and legal daughter and heir of HALLSTROM, and  is entitled to inherit from HALLSTROM via intestate succession under California state law.

54.     Also as shown above, said defendants wrongfully, unlawfully, unreasonably and  unjustifiably shot and killed HALLSTROM.

55.     As a direct and proximate result of defendants' actions, above-referenced, plaintiff H.H. lost the solace, society and comfort of  HALLSTROM, and plaintiff incurred medical and psychological injuries[8] costs/bills and expenses, loss of possession, use and enjoyment of, and damage to personal and real property, incurred the loss of society, comfort, solace and her parent – child relationship with HALLSTROM,  as well as his financial support during her childhood; all in an amount to be proven at trial; in excess of $10,000,000.00 each. Moreover, defendants are liable to plaintiff pursuant to Cal. Civ. Proc. Code § 377.60.

56.     The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants (save CITY) in an amount to be shown at trial, in excess of $10,000,000.00.

## SIXTH CAUSE OF ACTION
## FAILURE TO ADEQUATELY TRAIN OFFICERS
### [42 U.S.C. § 1983]

---

[8] And the physical manifestation of the same.

**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30, and DIRECT LIABILITY CLAIM)**
**(Against CITY and DOES 8 through 10)**

57.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56, inclusive, above, as if set forth in full herein.

58.    The training policies of the defendant CITY / Santa Ana Police Department were not adequate to train its police officers, investigators and other employees to handle the usual and recurring situations with which they must deal, such as that they confronted when approaching and dealing with person like and acting like HALLSTROM who are running away from the police but don't present a serious danger to others, as described above; a situation that could have and should have been resolved without resorting to the use of deadly force on HALLSTROM if the CITY's officers had been properly trained.

59.    Moreover, CITY failed to properly and adequately both investigate claims about the use of unreasonable force by it's police officers, and also failed to properly and adequately discipline it's police officer for constitutional violations by them; especially for false arrests and the use of unreasonable force upon civilians.

60.    In addition, said defendants' method of training peace officers, police officers, investigators and other public officers / officials, was carried out by them recklessly, and with deliberate indifference to the state and federal constitutional

FIRST AMENDED COMPLAINT FOR DAMAGES

18

rights of members of the public. Particularly, CITY and DOES 7 through 10, inclusive,

61.    Moreover, the training policies of the defendant CITY / Santa Ana Police Department were not adequate to train its police officers, investigators and other employees to handle the usual and recurring situations with which they must deal; such as that they confronted when approaching and dealing with person like and acting like HALLSTROM, as described above; a situation that could have and should have been resolved without repeatedly shooting a person such as HALLSTROM who posed no threat to defendants, and without unlawfully seizing such persons, and without unlawfully isolating him from his family members.

62.    As a direct and proximate result of defendants' actions, above-referenced, plaintiff was substantially physically, mentally and emotionally injured[9], and incurred medical and psychological costs/bills and expenses, loss of possession, use and enjoyment of, and damage to personal and real property, funeral and burial expenses, incurred the loss of society, comfort, solace and their parent – child relationship with HALLSTROM, and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $10,000,000.00 each.

63.    The actions by said defendants were done maliciously and in reckless

---

[9] And the physical manifestation of the same.

FIRST AMENDED COMPLAINT FOR DAMAGES

19

disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against defendants (save CITY) in favor of plaintiff in an amount to be shown at trial, in excess of $10,000,000.00 each.

## SEVENTH CAUSE OF ACTION
### Negligence Under California State Law
### (FEDERAL SURVIVALSHIP CLAIM
### VIA CAL. CIV. PROC. CODE § 377.30, and DIRECT LIABILITY CLAIM)
### (Against Defendants CITY and DOES 7 through 10, inclusive)

64.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65.     As set forth above, defendants CITY's methods of screening and doing proper background checks on prospective applicants for appointments (hiring) for the position of peace officer and/or police officer and/or investigator and/or supervisor, were so inadequate, and were so recklessly deliberately indifferent to members of the public, to screen-out applicants who were violent and who had shown a propensity for violence, to screen-out applicants who were dishonest and could not be trusted to obey the laws of the State of California and of the United States of America, to screen-out applicants were not likely to respect the California and federal constitutional rights of members of the public (such as the right to be free from an unlawful seizure of their persons and their right to be free from the use of unreasonable force upon their [and their decedents'] persons) so as to show a deliberate and /or reckless indifference to the California and federal constitutional

rights of members of the public, as to constitute and a breach of said defendants' duty of care that they owed to the public to properly hire and to properly screen applicants for hiring as a peace officer, police officer, investigator, supervisor or other type of public officer.

65. Moreover, defendant CITY's training policies were not adequate to train its police officers, investigators and other employees to handle the usual and recurring situations with which they must deal; such as that they confronted when approaching and dealing with person like and acting like HALLSTROM, as described above; a situation that could have and should have been resolved without resorting to the use of deadly force on HALLSTROM (as described above; a situation that could have and should have been resolved without repeatedly shooting a person such as HALLSTROM), so as to constitute a breach of said defendants' duty of care that they owed to the public to properly hire and to properly screen applicants for hiring as a peace officer, police officer, or other type of public officer, and to properly train said peace officers, police officers, or other type of public officers.

66. Moreover, CITY failed to properly and adequately both investigate claims about the use of unreasonable force by it's police officers, including said defendant officers in this action, and also failed to properly and adequately discipline it's police officer for constitutional violations by them; especially for false

arrests and the use of unreasonable force upon civilians.

67.    Accordingly, said actions and omissions by defendants constituted a breach of said defendants' duty of care that they owed to members of the public, including plaintiffs and plaintiffs' deceased. Moreover, defendants are liable to plaintiff pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, 820.8.and otherwise pursuant to the common-law.

68.    Accordingly, as a proximate result of said negligent training by defendants, plaintiff H.H. was deprived of their parent – child relationship with her father HALLSTROM.

69.    Accordingly, said actions and omissions by defendants constitute a breach of said defendants' duty of care that they owed to members of the public, including plaintiff and plaintiff's deceased.

70.    As a direct and proximate result of defendants' actions, as above-referenced, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered the loss of use of their real property 3) incurred medical and psychological costs/bills and expenses, 4) incurred the loss of society, comfort, solace and their parent – child relationship with HALLSTROM, and 5) incurred other special and general damages and expenses, including funeral and burial expenses; all in an amount to be proven at trial; in excess of $10,000,000.00 each.

## EIGHTH CAUSE OF ACTION
### Violation Of Cal. Civil Code § 52.1

FIRST AMENDED COMPLAINT FOR DAMAGES

22

**Under California State Law**
**(Against all Defendants)**

71.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.     The actions by defendants interfered with, and/or attempted to interfere with, by threats, intimidation, and coercion, and by the actual use of force, the exercise or enjoyment by plaintiff's father of his rights secured by the Constitution or laws of the United States, and of the rights secured by the California Constitution and the laws of California, as described above; in violation of Cal. Civil Code § 52.1.

73.     Defendants are liable to plaintiff for said violations of her father's constitutional and statutory rights, pursuant to Cal. Civil Code § 52.1, and Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8.

74.      As a direct and proximate result of defendants' actions, as above-referenced, plaintiff's father: 1) was substantially physically injured[10]; 2) incurred medical and costs/bills and expenses, 3) incurred the loss of plaintiff's decedent's life, and 4) incurred other special and general damages and expenses, including funeral and burial expenses; all in an amount to be proven at trial; in excess of $10,000,000.00 each.

_____

[10] And the physical manifestation of the same.

75.    The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants (save CITY) in an amount to be shown at trial, in excess of $10,000,000.00 each.

76.    In addition, pursuant to Cal. Civil Code § 52.1, plaintiff is entitled to an award of treble compensatory damages against defendants.

### NINTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(State Law Survivorship Action – Cal. Civ. Proc. Code § 377.30)**
**(By Plaintiffs Against all Defendants)**

77.    Plaintiff hereby realleges and incorporate by references the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.    The actions committed by said defendants also constituted unjustified non-consensual use of unlawful force and violence upon HALLSTROM, which was a battery of him under California State Law.

79.    Defendants, and each of them, are liable to plaintiff for said battery, pursuant to Cal. Civ. Proc. Code § 377.30  and  Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

80.    As a direct and proximate result of the actions of said defendants HALLSTOM incurred special damages such as medical costs, bills and expenses, funeral and burial expenses, lost wages and profits, and 3) incurred other special and

FIRST AMENDED COMPLAINT FOR DAMAGES
24

general damages and expenses, all in an amount to be proven at trial which is in excess of $5,000,000.00.

81.   The actions of said defendants were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

1) For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $10,000,000.00[11]  against all defendants;

2) For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, save defendant CITY, in an amount to be shown at trial, in excess of $10,000,000.00.

3) For reasonable attorney's fees and other costs of suit herein;

4) For a trial by jury;  and

5) For such other and further relief as this honorable court deems proper, just and equitable.

_____
JERRY L. STEERING

_____
[11] Including treble damages.